IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NOS. WR-41,168-10 and AP-75,370






EX PARTE CHARLES DEAN HOOD









ON APPLICANT'S MOTION TO RECUSE, APPLICATION FOR WRIT OF
HABEAS CORPUS, SUGGESTION THAT THE COURT RECONSIDER ON ITS
OWN MOTION ITS JANUARY 10, 2007, OPINION DISMISSING APPLICANT'S
SECOND SUBSEQUENT APPLICATION, AND MOTION FOR STAY OF
EXECUTION IN CAUSE NO. W296-80233-90 IN THE 296TH DISTRICT COURT
OF COLLIN COUNTY




 Per Curiam. Keller, P.J., and Keasler and Hervey, JJ., dissent to the
reconsideration of our January 10, 2007, opinion and to the grant of the stay of
execution. Price, J., recuses himself in Cause No. WR-41,168-10, and does not
participate in Cause No. AP-75,370. 


ORDER



 We have four matters before us: (1) a motion to recuse the eight judges who
served on the Court with the Honorable Verla Sue Holland; (2) a subsequent application
for writ of habeas corpus filed pursuant to Article 11.071, § 5; (3) a suggestion that the
Court reconsider, on its own motion, its January 10, 2007, opinion dismissing applicant's
second subsequent application; and (4) various motions for a stay of execution. 

 Applicant was convicted of the capital murder of Ronald Williamson and Tracie
Lynn Wallace. The jury answered the special issues in such a manner that a sentence of
death was imposed on September 7, 1990. This Court affirmed the conviction and
sentence on direct appeal. Hood v. State, No. AP-71,167 (Tex. Crim. App. November 24,
1993)(not designated for publication). Applicant's initial application for writ of habeas
corpus was denied. Ex parte Hood, No. WR-41,168-01 (Tex. Crim. App. April 21,
1999)(not designated for publication). Applicant filed a subsequent application in the
trial court on May 24, 2004. The subsequent application was dismissed. Ex parte Hood,
No. WR-41,168-02 (Tex. Crim. App. April 13, 2005)(not designated for publication). 
Applicant filed a second subsequent application on June 22, 2005. We remanded to the
convicting court for resolution of the claim. When the case was returned to this Court we
held that applicant had, in fact, not met the requirements of Article 11.071, § 5, for
consideration of subsequent claims and dismissed his application. Ex parte Hood, 211
S.W.3d 767 (Tex. Crim. App. 2007). It is this case that is the subject of applicant's
suggestion for reconsideration.

 On April 16, 2008, the judge of the convicting court set applicant's execution date
for June 17, 2008. On June 12, 2008, applicant filed another subsequent application for
writ of habeas corpus and an original application for writ of habeas corpus. In the
applications, applicant asserted that he was denied a fair trial because of an alleged
relationship between the trial judge and the prosecutor that applicant claimed was
"common knowledge" at the time of trial. We dismissed the Article 11.071 application
and denied leave to file the original application. Ex parte Hood, Nos. WR-41,168-04 &
WR-41,168-05 (Tex. Crim. App. June 16, 2008)(not designated for publication). On June
17, 2008, this Court denied a second original application for writ of habeas corpus. Ex
parte Hood, No. WR-41,168-06 (Tex. Crim. App. June 17, 2008)(not designated for
publication). However, by the time all of the litigation was complete, applicant's warrant
of execution was close to expiring, and the Texas Department of Criminal Justice was
unable to complete its duties. Applicant's execution date was reset to September 10,
2008. On August 20, 2008, the clerk of the 296th District Court forwarded a subsequent
writ application to this Court as required by Article 11.071, § 5(b). This Court dismissed
the application. Ex parte Hood, No. WR-41,168-09 (Tex. Crim. App. Sept. 5, 2008). 

 On September 8, 2008, this Court received the matters currently before it. The
Court denies applicant's motion to recuse the eight members of the Court who served
with the Honorable Verla Sue Holland. 

 Applicant raises two claims in his subsequent application. He asserts that he was
denied a fair trial because of an alleged relationship between the trial judge and the
prosecutor, and he claims that his execution will twice put his life in jeopardy. We have
reviewed the two claims raised and find that they do not meet the requirements of Article
11.071, § 5, for the consideration of subsequent claims. Therefore, the application is
dismissed as an abuse of the writ.

 Because of developments in the law regarding nullification instructions, this Court
has determined that it would be prudent to reconsider the decision we issued in dismissing
applicant's second subsequent writ application. See Ex parte Hood, 211 S.W.3d 767
(Tex. Crim. App. 2007)(No. AP-75,370). Accordingly, we grant his motion to stay his
execution so that we may accomplish this task.

 IT IS SO ORDERED THIS THE 9TH DAY OF SEPTEMBER, 2008.

Do Not Publish